IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| MEIJER, INC.<br>a Michigan corporation, | ) | |
| | ) | |
| and | ) | Case No. |
| | ) | |
| WHITMOR, INC.<br>a Delaware corporation, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| THE TJX COMPANIES, INC.<br>a Delaware corporation, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DESIGN IDEAS, LIMITED,<br>an Illinois corporation, | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiffs Whitmor, Inc. ("Whitmor"), Meijer, Inc. ("Meijer"), and The TJX Companies, Inc. ("TJX") (collectively, "Plaintiffs") for their Complaint against defendant Design Ideas, Limited ("DI"), state as follows:

## INTRODUCTION

Defendant DI manufactures and sells clothes pins under the mark SPARROW CLIPS and obtained a copyright registration dated May 29, 2013 for its clothes pin design.  Prior to DI's registration of its copyright, Whitmor manufactured and sold clothes pins under the mark CANARY CLIPS.  DI sent Whitmor a "cease and desist" letter accusing Whitmor of willful copyright and trademark infringement and demanding that Whitmor discontinue the sale of its "Canary Clips."  DI also accused Whitmor of willfully removing "copyright management

information" in violation of the Copyright Act.  DI sent similar threatening letters to Whitmor's customers, including Meijer and TJX.  DI has threatened legal action against Plaintiffs if Whitmor does not pay DI a "one-time cash payment of $215,124.34."

In this action, Plaintiffs seek the Court's entry of a judgment declaring that their sale of Whitmor's "Canary Clips" clothes pins does not infringe DI's trademark or copyright and Plaintiffs have not violated the Lanham Act, the Copyright Act, or any other laws.

## NATURE OF THE ACTION

1.      This is an action for a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 and Fed. R. Civ. P. 57, for the purpose of determining an actual controversy between the parties, as hereinafter more fully appears.

## PARTIES

2.      Plaintiff Meijer, Inc. is a Michigan corporation with a principal place of business at Grand Rapids, Michigan.

3.      Plaintiff Whitmor, Inc. is a Delaware corporation with a principal place of business at Southaven, Mississippi.

4.      Plaintiff The TJX Companies, Inc. is a Delaware corporation with a principal place of business at Framingham, Massachusetts.

5.      Upon information and belief, DI is an Illinois corporation with its principal place of business at Springfield, Illinois.

## JURISDICTION AND VENUE

6.      The rights and disputes at issue in this action include rights arising under the Lanham Act, 15 U.S.C §§ 1051 et seq., and Copyright Act, 17 U.S.C §§ 101 et seq.

7.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338 and 15 U.S.C § 1121(a).

8.      This Court has personal jurisdiction over DI because DI maintains continuous and systematic contacts in the forum state and because DI has purposefully directed its activities at the forum state and this litigation results from injuries that arose of or relate to those activities.

9.      Venue is proper in this judicial district pursuant to 28 U.S.C § 1391(b).

## COUNT I
(Declaratory Judgment)

10.     In Spring 2013, Whitmor commenced selling a clothes pin design under the mark CANARY CLIPS.

11.     Whitmor sold "Canary Clips" to the Meijer supercenter retail chain and to TJX which operates, *inter alia,* the T.J. Maxx retail store chain.

12.     After Whitmor manufactured and sold Canary Clips, DI obtained a copyright registration dated May 29, 2013 for its clothes pin design sold under the mark SPARROW CLIPS (Copyright Registration VA 1-867-185).

13.     DI's clothes pin design sold under the mark SPARROW CLIPS is a useful article.

14.     DI's copyright registration is invalid because the subject matter of the registration is a useful article.

15.     Plaintiffs' use of the CANARY CLIPS mark does not infringe DI's alleged mark SPARROW CLIPS.

16.     On or about June 13, 2014, counsel for DI sent a letter to Whitmor in which DI alleged that Whitmor's sale of its "Canary Clips" clothes pins infringed DI's copyright and trademark in violation of state and federal laws and demanded that "Whitmor, its customers and all affiliated with it immediately cease and desist from all reproduction, marketing, sales, and

3

distribution of the CANARY CLIPS" (the "Whitmor Cease and Desist Letter").  A true and accurate copy of the Whitmor Cease and Desist Letter is attached hereto as Exhibit A and incorporated herein by this reference.

17.     On or about June 13, 2014, counsel for DI sent a letter to TJX in which DI alleged that TJX's sale of "Canary Clips" infringed DI's copyright and trademark in violation of state and federal laws and demanded that "TJ Maxx and all affiliated with it immediately cease and desist from all marketing, sales, and distribution of the CANARY CLIPS" (the "TJX Cease and Desist Letter").  A true and accurate copy of the TJX Cease and Desist Letter is attached hereto as Exhibit B and incorporated herein by this reference.

18.     On or about August 8, 2014, counsel for DI sent a letter to Meijer in which DI alleged that Meijer's sale of "Canary Clips" infringed DI's copyright and trademark in violation of state and federal laws and demanded that "Meijer and all affiliated with it immediately cease and desist from all marketing, sales, and distribution of the CANARY CLIPS" (the "Meijer Cease and Desist Letter").  A true and accurate copy of the Meijer Cease and Desist Letter is attached hereto as Exhibit C and incorporated herein by this reference.

19.     At DI's request, Whitmor voluntarily shared communications and sales information regarding Canary Clips with DI.

20.     On or about January 23, 2015, DI sent Whitmor another letter accusing Whitmor of willful copyright infringement and removal of copyright management information stating, "Meijer's and Whitmor's actions show a bold and intentional disregard for Design Ideas' express SPARROW CLIPS copyright and the law, for which they are facing considerable financial liability."

21.     In the same letter dated January 23, 2015, DI accused Whitmor's CEO and President of knowing and willful infringement and claimed "Meijer and Whitmor face financial liability, jointly and severally, and Whitmor's officer personally, of at least $344,867.73," a figure that DI warned "will likely rise."

22.     DI has threatened legal action against Whitmor and its customers if Whitmor does not pay DI a "one-time cash payment of $215,124.34."

23.     An actual controversy exists between the parties hereto regarding Plaintiffs' right to sell Whitmor's Canary Clips.

24.     DI's actions have caused Plaintiffs to have a real and reasonable apprehension of litigation instituted by DI, alleging willful infringement of DI's rights, including claims arising under the Copyright and Lanham Acts and claims for actual damages, Whitmor's profits, Whitmor's customers' profits, including Meijer and TJX, statutory damages, and attorneys' fees.

25.     Plaintiffs and DI therefore are in an adversarial conflict with regard to Plaintiffs' right to sell Whitmor's Canary Clips.

26.     As a direct and proximate cause of DI's actions, Plaintiffs have and will continue to suffer damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request this Court to enter judgment in their favor and against DI as follows:

(A)     Declaring that Plaintiffs' use of the CANARY CLIPS mark does not violate any rights of DI under the Lanham Act or any other laws;

(B)     Declaring Plaintiffs' Canary Clips do not infringe any valid copyright owned by DI;

(C)     Declaring DI's copyright registration No. VA 1-867-185 is invalid;

(D)     Declaring Plaintiffs did not remove or alter any copyright management

information from Plaintiffs' Canary Clips or from DI's Sparrow Clips in violation

of 17 U.S.C. §1202;

(E)     Declaring Plaintiffs did not otherwise violate the Copyright Act in any manner;

(F)     Awarding Plaintiffs their damages;

(G)     Awarding Plaintiffs their attorney's fees;

(H)     Awarding Plaintiffs their costs;

(I)     For such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, Plaintiffs hereby demand a jury trial on all issues so

triable.

MILLER JOHNSON
Attorneys for Plaintiffs


Dated:  February 27, 2015       By    /s/ D. Andrew Portinga
                                    D. Andrew Portinga (P55804)
                                Business Address:
                                    250 Monroe Avenue, N.W., Suite 800
                                    PO Box 306
                                    Grand Rapids, Michigan  49501-0306
                                Telephone:  (616) 831-1700

6